case number 21-1331 and 21-1378 USA v. Larry Chambers, oral argument not to exceed 15 minutes per side. Mr. Martin for the appellant. Good morning. Good morning. May it please the court Benton Martin on behalf of Larry Chambers. And I'm reserving three minutes for rebuttal. That's good. Chambers is here asking for a remand to the district court to reconsider its decision to deny a reduction to his life sentence for a continuing criminal enterprise related to a crack conspiracy. And I think that the simplest route for a remand here, and I've raised several issues I have with the various decisions the court had issued, is that the government has now conceded in a separate case that because if a person has a covered offense under the First Step Act, which there's no dispute here that Chambers had a covered offense under the First Step Act, that that person may be eligible for a reduction on a non-covered offense as well if that is was grouped together and part of an aggregate sentence with the covered offense. And that's what we have here. Can I ask you a question? I mean, let's just say we sent it back and maybe we sent it back on that ground or we sent it back on the ground that it's odd to have a similar guideline for two offenses and have a reduction of 405 months in one and keep a life sentence in the other. We send it back. I think it's Judge Cox looks at it and says, well, I just think the continuing criminal enterprise is a more serious count. You know, I'm supposed to consider the nature of the offense and that's more serious than tend to distribute. I'm leaving the life sentence in one and I'm leaving the 405 in another. Would that continue to be, would that be an abuse of discretion because of the disparity given that it was a similar range for each? Would you, would we be back here in other words? Uh, I, I think that'd be a completely different situation. Answer the question though. It would, would it be possible to, that that would not be an abuse of discretion? Correct. I do not think that the judge would have necessarily abused his discretion by making a distinction and saying this offense was more serious. This one was less. Therefore I'm going to keep the life sentence on one and not on the 405. That is what we're lacking here. I think the, is, is a clear explanation in any form that that's what the judge was doing. And the problem, so on the CCE one, he, he kind of, he, he first of all has eligibility, but then he says, well, regardless, I would still say this is the sentence and you would say the problem isn't that in isolation. It's that then doing the other one and somehow they're interrelated and that's what creates the problem. Yes. I think if you read the last, there's first a decision saying that it's ineligible. There was a motion to reconsider, which the court denied, um, saying that a covered and both reduced. And the judge does say, I would decline to exercise discretion based on this discussion of 3553A factors, but then goes on to address count the, the, the count that he is covered on. And in no part of that third decision where he reduces the sentence, does he say, here's the difference. I'm reducing this because this is a less serious offense. I think that would be a very different situation. We don't have any explanation for why the same factors that were seen as, um, warranting maintaining the life sentence on the CCE count were then used to reduce the sentence on, um, count six, which was the covered offense, the drug offense. Um, and I mean, just, just a pause there. I mean, you're the experts or tell me this is like, not doesn't make sense, but isn't it possible. One would just assume it's kind of obvious that continuing criminal enterprise is more serious than, you know, possession with intent to distribute. I have two responses to that, your honor. Um, one of them is, I do think that that is a natural assumption. I do push back a little bit that when, uh, true when this was remanded originally from this court back in the nineties, um, there was a, you may recall from the record, there was a problem with him having both been convicted of a drug conspiracy and a CCE count. And judge Rosen issued an interesting opinion saying what is more serious is a little bit difficult to discern here because the guidelines on the CCE count at the time were actually lower than they were for the drug conspiracy. Um, and so it's not always clear what is the most serious offense. I think, um, life sentences on both. So the sentence, the crack powder adjustments, hasn't that changed? The, the guide, the guidelines have changed. Yes. Okay. Yes. There's no dispute though, that the guidelines here would have been the same for both offenses. They would still aggregate and group together is my understanding. And so this was an upward variance in both instances. And one of the gut, one of the court's points on me when they, when he reduced the, um, drug count here was, well, this is a substantial upward variance from what is now the guidelines. And so I would need a compelling reason to do that. And I don't see a reason for a substantial, upward variance that explanation is missing from any, any discussion of the, um, why he did not reduce the CCE count. Um, and I think, I think that that's missing the explanation. I also think it's important that the court recognize that it had this discretion in the first place. Um, that's a material change since the district court had the opportunity to consider it. Um, the court relied on its Smith decision explicitly, um, when it was deciding that he wasn't eligible on the continuing criminal enterprise count. And that Smith decision has since been, uh, remanded from this court, um, for further consideration in light of the government's concession that there could be a reduction. Um, so I do think that's a material change that the, um, the court should be allowed. The district court should be allowed to consider in first instance. Why is that a material change? If he relied on the 53, 35, 53, a factors, I don't read anything in what he said to suggest that he didn't think he had the discretion to, uh, reduce the sentence based on those factors. He just chose not to do so. Well, he mentions, even if I thought, even if I thought this were binding, but he does clearly say it's his opinion that, uh, chambers cannot get a reduction on his life sentence. Um, in the second decision, the February 23rd decision, he clearly says he's declining to revisit his decision, his decision about his eligibility to get a reduction on the continuing criminal enterprise count. And so I understand that, but there's an alternative holding here, right? There is. And that's, there's one line that says he declined to exercise the discretion based on the record and consideration of the 35, 53, a factors as discussed below. He then discusses, discusses them. That's where we're saying that conflicts with then his decision to reduce on the drug count without an explanation of why there were conflicting results. Both of them represented an upward departure. Um, and I do think I'm saying, I think it's a material changes. I do think it would be part of the 35, 53, a factor. I think the judge could consider as part of its 35, 53, a analysis that he's eligible for a reduction on that count. Um, is he allowed in, if we remanded to account for the disparity, is he allowed to change his mind in the different, in a different direction, not the one you're looking for. In other words, decide this is a little weird. I think I'm going to take the possession with intent to distribute and take that back to life that eliminates the in other words, the disparity can be corrected in either direction. I agree. I think that this was part of a sentencing package. Um, and that the court should evaluate both of these offenses together and decide whether a reduction is appropriate on both. Um, and I think that's looking at the fair sentencing act is what is anticipated in the language of the X says that the court will impose a reduced sentence as if the fair sentencing act were in place at the time. I think that that contemplates that the court would look at both of these life sentences that were clearly imposed together and not say split them apart and give no explanation for why it was doing that. Um, and so, yes, I do think that I'm going to ask you, can we send this back for an explanation instead of from the district court as to why the two different treatments, uh, with regard to his, um, application of the 35, 53, a factors rather than sending it back for resentencing. If we, if we think he hasn't explained himself, can we send back for an explanation or, or do we, do we have to, if we send back, do we have to send back for, for resentencing? I think the court could ask the judge for an explanation. I think that the reason why our request for a remand for resentencing is better is that we have this Hudson issue, the issue of the covered and non-covered offenses where the government has conceded in other cases that the rule is that you can reduce on both counts. And I think that given the three different rulings in this case and sort of the confusion that's between them, that the better, the cleaner route would just be to remand for resentencing on both counts as an aggregate sentence and not try to get an excellent sort of post explain why these two differences were made instead of just giving the court full reign to do what it thinks is appropriate in its exercise of discretion, given the ruling in Hudson. Do you have a reaction against judges that do what Judge Cox did, which is say, here's how I interpret the statute or the guideline. I'm therefore sentencing on this ground. And then they say, but in the alternative, even if I'm wrong about that, I would not exercise my discretion under 355-3A too. From my perspective, as someone who sees the variation, there's a lot of variation in this law. It's very complicated. It seems like a very legitimate exercise, but I don't know. I'm curious from your perspective, if you think that by itself is problematic. I don't judge. And oftentimes it's very helpful as litigants to know that they've every step of it. The difference here is I think we then got a decision on count six that said nothing about the differing treatment and use the exact same factors. And I find those conflicting and hard to reconcile. Is there just one last thing? Do you have a case? I mean, if you cited it, forgive me for not remembering it. Do you have a case that says, we have these cases about explanation, but we also have cases that say you don't have to do everything. Do we have a case that sends it back solely because it's not apparent to the court of appeals why the difference between the sentence on these two counts? Do we have that case? The closest analogy I have, and forgive me for going over time, I'll answer this and then be done. But was the Christman case, that was actually in this court remanded because the judge had relied on hearsay outside the record. Then on remand, the judge chose a drastically different sentence and relied on the same factors that it had found aggravating before as mitigating. And this court said you had to give some explanation for why those same factors would produce such a different result. And that's what I think is happening here, is that there was two decisions, just two months apart, same factors. This would be very different even if he said, here's why these factors are different in regards to count six, but that didn't happen. So that, thank you, Judge. Yes, thank you, Mr. Martin. We'll hear from the government, Ms. Curry. May it please the court, Jessica Curry for the United States. This appeal turns on the district court's analysis under section 3553A in its February 2021 decision, in which it determined that Larry Chambers' life sentence for CCE should remain in place. That was not an abuse of discretion and it's an independent basis to affirm. There's no need to address eligibility under section 404 or to consider a remand because the district court already told us what it would do. It would deny relief in its discretion considering the section 3553A factors and for good reason. Larry Chambers is a violent career criminal and he ran what's likely the largest drug ring in Detroit history. So this court should affirm. Under both section 404 and the compassionate release statute, Congress recognized that not all eligible defendants should be granted relief and it left the ultimate decision to the discretion of the district court. Given the deferential standard of review, in order to prevail, Chambers must point to a clearly erroneous fact or a legal error on the part of the district court in its February decision. He hasn't done that here. The thrust of his argument does not even focus on the February decision that he appeals. He doesn't say any facts in that decision are incorrect or that the court misapplied the law in its 3553A analysis. Instead, he points to the district court's later decision in April, which considered the drug count on its own and he says that creates an impermissible conflict. There's several problems with that argument, first being that the reason for the different outcomes is clear. In the February decision, the district court evaluated the broader offense conduct, including the more serious CCE offense, and in the April decision, the district court considered only the drug count on its own. Would you concede? I mean, I get part of what you're saying that, you know, you can't, through a later sentencing and a separate count, undermine the prior sentencing, but I guess I'm wondering if maybe that is possible. So you have a later sentencing in April and it's uncharged conduct and in the first sentencing you say, I think he killed this other person in the course of the enterprise, and then the later one says, I don't think he killed the person and I'm not, you know, I'm not going to account for that in the 3553. So they're just completely opposite things about the same thing that might have happened. Wouldn't that require an explanation? It would, but that's not what happened here. The district court didn't contradict. Why isn't it at least some tension because isn't the guideline range the same for both? The guideline range is the same for both, and I think we can say there's some tension here, but it's not a contradiction in a way that casts doubt about the earlier decision. It's very clear what the district court was doing. It was in a very rigid and narrow way collapsing the scope of conduct that it was considering. And we know that the court considered the broader offense conduct in the first decision because it goes on for three paragraphs explaining how serious this enterprise was, that it had 200 distribution locations, that there was violence and the reliance on teenagers to transport the drugs. And then when you put it side by side with the April decision, there's no discussion whatsoever about the serious behavior at issue. So it's not that it's sort of saying, you know, violence on the one hand and no violence on the other hand. It's just it's omitting a whole segment of the important for the evaluation. And I mean, I think we can be critical of the April decision. That decision is not on appeal. You know, the district court was engaging in this, like I said, narrow analysis that looked at the crack cocaine offense in a vacuum when in reality it occurred in the context of a very serious criminal enterprise. So this case here refers to Chrisman. Are you not no big deal, but I'm just curious if you know the case. Whether that precise, we'll look at it, we'll look at it. Okay. You know, and the court is required to provide an explanation for its decision. But it's reasoning here was more than sufficient. You know, if you look at that February decision, like I said, it's very thorough. It goes on for paragraphs explaining the overall offense conduct. It is not uncommon for the seriousness of the offenses under consideration to be the most important factor in this analysis. And this court has found no abuse of discretion in cases where that factor seems to have loomed largest in the court's analysis as it clearly did here. So that factor does explain the different outcomes reached by the district court. Um, that seems reasonable, but for the record, is there any explanation by the district court as to why the 3553 a factors way against weight against compassionate release. But those same factors weigh in favor of a reduced sentence on the distribution charge. I mean, if the factors are being used in contradictory ways on different charges, shouldn't the shouldn't the judge say why why he's doing that? I think the court did say why it was doing that. And again, the difference being the scope of conduct under consideration, and you raise the issue of compassionate release. And here it was based on COVID risk factors. And so the relief being contemplated there would be an immediate release on all counts. That would be the only thing that makes sense in the compassionate release conduct, contact, excuse me. So again, you're considering all of the offense conduct, including the more serious CCO offense to evaluate compassionate release, and the appropriateness of reduction on the CCE offense. And then in a very different way in the April decision, the court wasn't looking at an immediate release, the court was looking at only the distribution counts in isolation on its own. Well, you know, the problem with your argument, which sounds very reasonable, is that the things that you're saying is not what the district court himself said the district court did not provide the explanation that you're providing in the way that you're expressing it. So we simply have to speculate a bit to get to the argument that you're providing, don't you? Don't you think? I don't, Your Honor. And the reason is the degree of explanation that is required is really not a high burden. I don't think the district court was required to say in its February decision, you know, the following three paragraphs describe the offense conduct that I'm considering, you know, and then follow it with three paragraphs describing the offense conduct. And in April, I don't think it was required to say, I'm only considering count six, and then go on to list count six as the only offense conduct under consideration. It speaks for itself, the four or five months is appropriate. I'm not saying that he couldn't have. I'm saying that his explanation is adequate and is not in contradiction with his April decision because he was considering a different scope of offense conduct. I also think it's important to note that this court is not decisions. The question is whether in February 2021, in that decision, did the district court rely on any clearly erroneous fact or misapply the law in some way that amounts to an abuse of discretion. And I haven't heard anything from the defense about a problem specifically in the February decision that the court should do differently on remand. And I think that's important thing to be asking. What specifically does he want to occur on remand? And if inconsistency is the chief complaint here, then the district court can't do what Chambers presumably wants it to do, which is to engage in the same analysis, but reach a different conclusion all over again. So I'm not sure that the relief being considered here is really one that's available or would make any sense. And there was also mentioned about not really grappling with the eligibility question and skipping right to the 3553A analysis based on this alternative holding. And I think that's the best course here. It's the most straightforward way to resolve this appeal. The question under 404 would be an issue of first impression. And although the government has now taken a different position in the Smith case, the defense mentions, in that case, there was not an alternative analysis under section 3553A. So the only choice there is to remand. But when we have an alternative basis to affirm, that's the best course. And this court has often done that in the compassionate release context. That's been useful because eligibility has been in a state of flux and still is. And so having that alternative holding has proved very useful. And the court should go that route here as well. And so, in conclusion, the government respectfully asked the court to affirm because the district court did not abuse its discretion in determining that Larry Chambers' life sentence for CCE should remain in place. Thank you. Thank you, Ms. Currie. Mr. Martin, just real quickly at the outset, how much, when is he eligible? If it's 405, how much longer would he have? I, he served approximately 34 years. So he'd be close to being able to, eligible to get a- That's assuming he got all of his good time credit. And I don't know if he will, given some of his earlier disciplinary infractions. So I, it would be up to the Bureau of Prisons. I got it. Okay. I don't know if he'd be immediately released with the sentence that the judge imposed. If both were on, were this later sentence, I don't know if he'd be immediately released. I just wanted to point out a couple more decisions on the, what I would like to see happen on remand. Chavez-Meza, which I cited in the brief, the Supreme Court case says there's times when a 3553A analysis may require a more detailed explanation. And then I cited United States versus Smith from the DC circuit, where it says that under 3553As, individualized decision-making rubric, reversals of course, or seemingly contradictory findings should not go unexplained. So in light of the fact that this issue- Can I just make a point about this tension between decisions that I'm just trying to figure out if we want to open this. More often than not, the tension is in the other direction. So in other words, you have an original sentencing before something like crack powder. You say all kinds of things about why you're doing 3553A. It's more contemporaneous with the crime. There's probably a little more focus on the harshness of the crime and the factors. And I'm pretty confident most judges when they're doing it five years later, 10 years later, 15 years later, are not sitting there looking back, whether they were the same judge or not, and trying to reconcile everything they're saying, what was said five, 10, 15 years earlier, or two years earlier. So I think when there's a contradiction, that makes sense. We need to do something about it. But when there's tension, I don't know. I'm not sure this is necessary. It obviously helps your client. I'm not sure how many criminal defendants it'll help though, because I could see this working in the other direction. And it did work in a different direction in Chrisman. He got a much better sentence on remand. And that was reversed as unreasonable because- So the government appealed that. Correct. And said the same factors you relied on as aggravating before you now see as minimizing. Well, that's the contradiction. That's the contradiction point. I accept the contradiction point. What I'm worried about is tension, which I think is what this case is. I see it more as a conflicting case, especially I see it similar to that, in that the same factors that the judge saw as precluding being the end of the 3553-A analysis before, this time weren't. And he said, I undertook a renewed consideration of the 3553-A factors, is how Judge Cox put it in the later ruling. Not, I'm only considering it now in regards to count six. He said, no, I'm renewing my consideration of the 3553-A factors and now find an upward warrant, upward variance isn't warranted. So, on those unique facts, we'd ask the court to remand for further consideration. Okay. Thanks to both of you for your helpful briefs and arguments and for doing this virtually, which I guess was an accommodation to you now that I think about it. So, props to us. The case will be submitted and thank you for your arguments. Thank you very much. The honorable court is now adjourned. Counsel, you may disconnect.